UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE INGRAM,<br><br>                       Plaintiff,<br><br>vs.<br><br>SUNRISE HOSPITAL & MEDICAL CENTER,<br><br>                       Defendants. | Case No. 2:10-cv-00785-GMN-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(IFP App- Dkt. #1) |

Plaintiff Andre Ingram is proceeding in this action *pro se*. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on May 26, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review the Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Plaintiff filed his Complaint on the court's civil rights complaint form. Plaintiff's Complaint alleges that Defendant Tammy Corcorand, a public safety officer at Sunrise Hospital, sexually harassed him during a training session when she kissed him on the forehead. He asserts that after he rejected Ms. Corcorand's advances, she, as well as Defendant Jim Stanley, another public safety officer, created a hostile work environment. He alleges that Defendant Lionel Hamilton failed to take appropriate action after Plaintiff reported the alleged sexual harassment. He alleges that Defendant Hamilton left Plaintiff in a intimidating, hostile, and offensive work environment that interfered with his work performance. Plaintiff was eventually terminated for incompetence. With regard to Defendant Mancini, Plaintiff alleges a claim under *Bivens*. Plaintiff alleges Mancini "brow beat" an African-American patient who was under Plaintiff's care. "A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000) (*citing Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971)). However, Plaintiff has stated no facts at all against Defendant Mancini, nor has he alleged that Defendant Mancini is a federal actor. Accordingly, Plaintiff
///

cannot assert a claim under *Bivens* against this Defendant, and it will be recommended that this claim be dismissed.

Plaintiff's Complaint also asserts a claim against Defendants pursuant to Title VII of the Civil Rights Act of 1964. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures. Once a plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Plaintiff has attached a right to sue letter from the EEOC. Thus, it appears Plaintiff has exhausted his administrative remedies.

Plaintiff is attempting to state a claim for retaliation under Title VII. To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (a) that he committed a protected act, such as complaining about discriminatory practices; (b) that the employee suffered some sort of adverse employment action; and (c) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Here, Plaintiff has alleged he reported sexual harassment from a co-worker to his supervisors. Plaintiff states his supervisors then treated him poorly because of his complaint of harassment and ultimately, terminated his employment Thus, the court finds that Plaintiff has stated the basic elements of a retaliation claim under Title VII.

It also appears that Plaintiff is attempting to state a claim for hostile work environment under Title VII. In order to prove a *prima facie* case of a hostile work environment in violation of Title VII, Plaintiff must show: (a) that he was subjected to sexual advances; (b) that this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Ellison v. Brady*, 924 F.2d 872 (9th Cir. 1991). Here, Plaintiff has alleged a co-worker kissed him on the forehead without his consent, which

1 he reported to supervisors. Plaintiff also alleges that the harassing co-worker and supervisors subjected
2 him to negative treatment after the incident, altering his working conditions and creating a hostile
3 environment. Plaintiff stated he was ultimately terminated because of this incident. Thus, the court
4 finds that Plaintiff has stated a claim for hostile work environment claim under Title VII. However, in
5 *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993), the Ninth Circuit made
6 clear that "individual defendants cannot be held liable for damages under Title VII is good law." *Id.* at
7 587. Accordingly, it will be recommended that Plaintiff's Title VI claim against the individual
8 Defendants be dismissed.

9      Lastly, it appears Plaintiff is attempting to state a claim under Nevada law for wrongful
10 termination. The Nevada Supreme Court has held that "[t]he only exception to the general rule that at-
11 will employees can be dismissed without cause is the so-called public policy exception discussed in
12 *Western States*, a case in which tort liability arose out of an employer's dismissing an employer's
13 dismissing an employee for refusing to follow his employer's orders to work in an area that would have
14 been dangerous to him." *Bigelow v. Bullard*, 901 P.2d 630, 631 (Nev. 1995); *see also Western States v.*
15 *Jones,* 819 P.2d 206, 212 (1991). In *Bigelow*, the Nevada Supreme Court found that in order to prevail
16 on this exception, the employee must show the dismissal was based upon the employee's refusal to
17 engage in conduct that violates public policy. *Id.* at 632. Here, Plaintiff alleges he was terminated for
18 refusing to work in a hostile environment in which he suffered retaliation for complaining about sexual
19 harassment. Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal
20 court may hear state claims that are part of the "same case or controversy" as a claim arising under
21 federal law. 28 U.S.C. § 1367(a). This court has supplemental jurisdiction over Plaintiff's s state law
22 claims because they arise from the same "nucleus of operative fact" –Plaintiff's discharge from Sunrise
23 Hospital–as his valid federal claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).
24      Based on the foregoing,
25 ///
26 ///
27 ///
28 ///

**IT IS RECOMMENDED** that Plaintiff's *Bivens* claim against Defendant Mancini be DISMISSED for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendants Corcorand, Staley, and Hamilton be DISMISSED for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue summons to Defendant Sunrise Hospital and Medical Center, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which

has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated this 11th day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.